**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SENRICK SHERN WILKERSON, ) | |
| ID # 10093432, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-1852-M-BH |
| ) | |
| DALLAS COUNTY COURTS, et. al,, ) | |
|     Respondents. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, petitioner's writ of mandamus should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Dallas County jail, filed a *pro se* "Writ of Mandamus Relief" on May 14, 2013. He seeks to compel the Dallas County Courts and the Dallas Police Department to provide him court and arrest records relating to his 2010 convictions so that he may pursue civil suits and habeas relief. (doc. 3 at 1). No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the county jail. As a prisoner seeking redress from a government entity, or officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a

claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  MANDAMUS

Section 1361 of Title 28 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Here, petitioner does not allege that the respondent owes him a duty to provide the records, but he essentially seeks a writ of mandamus against state officials to provide him those records. Federal courts do not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (federal courts

are without power to issue writs of mandamus against state officers, including state courts and their judicial officers, in the performance of their duties where mandamus is the only relief sought). This Court is therefore without power to order respondent to provide state court records to petitioner. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Toney v. Fitzsimmons*, 2008 WL 495796 (N.D. Tex. Feb. 21, 2008) (dismissing as frivolous a petition for writ of mandamus seeking to compel county and state clerks to file and answer a state filing); *McCauley v. Texas*, 2007 WL 1848046, *1 (E.D. Tex., June 25, 2007) (dismissing as frivolous a petition for writ of mandamus seeking to compel the State of Texas and Texas prison officials to preserve his legal materials).

## IV. RECOMMENDATION

Plaintiff's writ of mandamus should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b).

**SIGNED** on this 26th day of June, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE